

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

September 8, 1970

Dr. J. E. Peavy
Commissioner of Health
State Department of Health
Austin, Texas 78756

Opinion No. M-683

Re: Whether the City of Anthony,
which is not a member of the
El Paso City-County Health Unit,
entitled to public health ser-
vice from the El Paso City-County
Health Unit, and related
questions.

Dear Dr. Peavy:

In making your request for an opinion from this office, you
have supplied the following information:

"The City and County of El Paso have presented
this Agency with several questions as to the scope
of authority of their City-County Board of Health
formed by authority of Article 4436a-1, V.C.S.

"The City and County of El Paso have an existing
City-County Health Unit organized under authority
of the above mentioned statute. In the County of
El Paso there is the City of Anthony which is a
general law City properly incorporated under the laws
of this State. This Agency supports the City-County
Health Unit in the form of assigned personnel, loan
of equipment, etc. While the City of Anthony is not
a member of the health unit and does not contribute
to its financial support other than as county tax
payers, the City has requested of the El Paso County
Commissioner's Court to provide all public health
services entitled it under State law.

-3262-

"Subsequently, the Commissioner's Court of El Paso County met and passed a Resolution requiring the El Paso City-County Health Board and the El Paso City-County Health Director to furnish these health services to the town of Anthony, Texas.  The City of Anthony has its own appointed health officer.

"We would appreciate your opinion regarding the following questions:

1.  Is the City of Anthony, which is not a member of the El Paso City-County Health Unit, entitled to public health service from the El Paso City-County Health Unit?

2.  Does the El Paso County Commissioner's Court without concurrence of the City Council of El Paso or the Board of Health, duly appointed under Article 4436a-1, V.C.S., have authority to direct the Director of the City-County Health Unit to furnish public health services to the City of Anthony?

3.  With concurrence of El Paso County and the City of El Paso, does Article 4436a-1, V.C.S., enable the City of Anthony to become a participating member of the El Paso City-County Health Unit?

4.  Section 4 of Article 4436a-1, V.C.S., forbids the appointment of a City Health Officer or County Health Officer in any health unit.  The town of Anthony, not a member of the El Paso City-County Health Unit, has appointed its own City Health Officer.  If the City-County Health Unit is required to furnish public health services to the town of Anthony, what would be the authority, if any, of the Director of the City-County Health Unit in the City of Anthony?"

Article 4436a-1, Vernon's Civil Statutes, which authorizes
the creation of City-County Health Units, authorizes a county and
participating incorporated cities to combine their health functions
into one operating unit.  Such unit remains, however, subject to
the supervision and budgetary control of the governmental entities
which have contracted to bring it into existence.  The City-County
Health Unit is thus a convenient vehicle through which the
individual governmental units may discharge their responsibilities
in the furtherance of public health.  In serving its citizens
and taxpayers, a county government has certain duties in the area
of public health which are imposed by law, and these duties may
be discharged directly or indirectly.  The same is true of an
incorporated city.  With these general statements in mind, your
specific questions will be answered.

In reply to your first question, you are advised that it
is the opinion of this office that El Paso County has the duty
to provide certain health services to all the residents of the
county, and may not abrogate that duty by delegating public
health functions to a subordinate entity which services less
than the population of the entire county.  Article 4436a-1 does not
limit a City-County Health Unit to service simply within a city,
but contemplates that it will provide authorized health services
throughout the geographical area of the governmental units which
comprise the health unit.

In response to your second question, we note that Article
4436a-1 provides that the City-County Health Unit shall be
under the direction and supervision of the City-County Board
of Health, which is appointed by the joint action of the Com-
missioner's Court and the City Council.  All matters of public
health involving the expenditure of public funds must be sub-
mitted to the Board of Health for study and recommendation
before final action is taken by the City Council and Commissioner's
Court.  However, the director of the City-County Health Unit is
appointed jointly by the City Council and Commissioner's Court,
subject to the approval of the City-County Board of Health, and
such director may be removed at will by the appointing authorities.
Such an organizational structure clearly requires a high degree
of cooperation between the various governmental entities involved, and

we are unwilling to make a categorical statement as to the extent of the supervisory authority of any one participant under this statute.  However, the particular instruction issued in this particular case by the Commissioner's Court constitutes only a request that the Health Unit carry out the duties which are required of it by law, and it would serve no purpose for this office to attempt a definition of the rights of control under Article 4436a-1.

In replying to your third question, we first note that a City-County Health Unit is a creature of agreement between cooperating units of government.  Although Article 4436a-1 speaks exclusively in terms of a county cooperating with one city within the county, we quote the following from Article 10, Vernon's Civil Statutes:

> "The following rules shall govern in the con-
> struction of all civil statutory enactments:  ....
> 4.  The singular and plural number shall each include
> the other, unless otherwise expressly provided...."

You are accordingly advised that the City of Anthony may join the County and City of El Paso in the operation of the City-County Health Unit upon the agreement of the governmental units concerned.

With regard to your fourth question, it is the opinion of this office that the Director of the City-County Health Unit, in furnishing health services to residents of the City of Anthony, would have the duty and authority to perform only those services which the county government is required by State law to furnish within such city.  Of course, in the event the City of Anthony becomes a participant in the City-County Health Unit, the health unit would assume the functions of the City Health Officer and that office in the city would be abolished.

S U M M A R Y

City-County Health Units created pursuant
to the provisions of Article 4436a-1, Vernon's
Civil Statutes, are subject to the supervision

and budgetary control of the governmental entities which have contracted to bring them into existence.

Services of such health units are not limited to the corporate limits of participating cities, but apply throughout the geographical area of the county, including areas of a city in the county which is not participating in the contract. Such services, however, are limited to services which otherwise are performed by the county and would not include those services required to be furnished by a city unless such city becomes a participant in the City-County Health Unit.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Melvin Corley
Robert Davis
Allen Hill
Dyer Moore, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant